UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 04-61617-CIV-MORENO

GERBER LIFE INSURANCE COMPANY, a
foreign corporation,

    Plaintiff,

vs.

CYNTHIA LEE, as next friend and legal guardian
of D.L., B.L. and A.L.,

    Defendant/Cross-Plaintiff

and

KEITH LYNCH, an individual,

    Defendant/Cross-Defendant.
_____/

## DEFAULT FINAL JUDGMENT

THIS CAUSE came before the Court upon Guardian Cynthia Lee's Motion for Default Final Judgment **(D.E. No. 41)**, filed on **September 29, 2006**.

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises. A default has been entered against Defendant **Keith Lynch** for failure to answer the Claim in Interpleader **(D.E. No. 30)** served by Cross-Plaintiff Cynthia Lee, or to otherwise defend this action. Fed. R. Civ. P. 55(a). Furthermore, Mr. Lynch has repeatedly disregarded the Federal Rules of Civil Procedure as well as Orders from this Court.

Cynthia Lee has attempted to proceed with the case by sending out a request for production of documents to Mr. Lynch and by scheduling Mr. Lynch's deposition. On August 11, 2006, Ms. Lee

moved to compel a response to the request for production **(D.E. No. 39)**. Because Mr. Lynch did not respond to this motion, this Court issued an Order Granting Ms. Lee's Motion to Compel **(D.E. No. 40)**. Mr. Lynch failed to comply with the Court's Order. In addition, Mr. Lynch failed to attend his deposition which was scheduled to take place on the morning of September 20, 2006. Further, Mr. Lynch continues to disregard this Court's Order Regarding Correspondence Directed to Chambers **(D.E. No. 26)**.

This Court has shown extreme patience in attempting to provide a forum for Mr. Lynch's grievances, but Mr. Lynch's conduct clearly shows that this case must be dismissed for failure to comply with this Court's numerous, explicit orders. *See United States v. Golden Elevator, Inc.*, 27 F.3d 301, 303 (7th Cir. 1994) ("Ignoring deadlines and orders marks the abandonment of a suit, as surely as does the filing of a notice of dismissal"). Mr. Lynch's failure to appear at his deposition, taken alone, is sufficient grounds for the dismissal of an action. *Phipps v. Blakeney*, 8 F.3d 788 (11th Cir. 1993). We find that given Mr. Lynch's nearly complete inability to follow this Court's various Orders, no lesser sanction could serve to remedy the situation caused by Mr. Lynch's unwillingness to follow this Court's Orders and permit the prosecution of this action to go forward in a fair and reasonable manner. *Howard v. Miami-Dade Police Dep't.*, No. 98-2117 (S.D. Fla. July 19, 1999). Accordingly, it is

**ADJUDGED** that the Motion for Default Final Judgment is **GRANTED**. Judgment is hereby entered in favor of Cross-Plaintiff Cynthia Lee, as next friend and legal guardian of D.L., B.L., and A.L., and against Defendant KEITH LYNCH. It is further

**ADJUDGED** that Cross-Plaintiff Cynthia Lee is awarded the interpled funds, plus accrued interest, for the benefit of D.L., B.L., and A.L. The Clerk's Financial Administrator is authorized to

release and disburse the remainder of the deceased Gina Lynch's life insurance proceeds, plus accrued interest, held in the Court registry to Cynthia Lee. For which sum let execution issue.

DONE AND ORDERED in Chambers at Miami, Florida, this _25th__ day of October, 2006.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel and Parties of Record